UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD A. FAVIER. ) | |
| ) | |
| Plaintiff, ) | 04 12540 MLW |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | RECEIPT # 60513 |
| MAYNARD COUNTRY CLUB, INC. ) | AMOUNT $ 150.00 |
| ) | SUMMONS ISSUED N/A |
| Defendant. ) | LOCAL RULE 4.1 _____ |
| ) | WAIVER FORM _____ |

MAGISTRATE JUDGE LPC            **NOTICE OF REMOVAL**

MCF ISSUED _____
BY DPTY. CLK. M.P.
DATE 12/3/04

Defendant, Maynard Country Club, Inc. ("Defendant" or the "Club"), hereby files this Notice of Removal of the above-captioned action from the Middlesex County Superior Court, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of this Notice, the Defendant states as follows:

1. On or about October 27, 2004, Plaintiff Ronald A. Favier filed <u>Ronald A. Favier v. Maynard Country Club, Inc.</u>, Civil Action No: MICV2004-04263, in the Middlesex County Superior Court ("Superior Court Case").

2. Defendant was served with copies of the Summons and Complaint in the Superior Court Case on or about November 5, 2004. Pursuant to 28 U.S.C. § 1446(a), a true and accurate copy of the Summons and Complaint is filed herewith.

3. Removal from the Superior Court to this Court is proper pursuant to 28 U.S.C. § 1441(b). This Court has removal jurisdiction because it would have had original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), in that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States and Plaintiff has made a claim in this action of

a Civil Rights violation under 29 U.S.C.A. Section 621. Plaintiff, is a resident of Middlesex County, Massachusetts and is a Massachusetts citizen. Defendant, Maynard Country Club, Inc., is a Massachusetts Nonprofit corporation with its principal place of business in Maynard, Massachusetts.

4.  This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) as it is being filed within thirty days after Defendant' receipt of service of the Summons and Complaint.

5.  Written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and, together with a copy of the Notice of Removal, will be filed with the clerk of the Superior Court, as provided by 28 U.S.C. § 1446(d).

6.  Defendant will file with the Court attested copies of all records, proceedings and docket entries in the state court within thirty days, pursuant to Local Rule 81.1.

WHEREFORE, Defendant Maynard Country Club, Inc. respectfully requests that the above action now pending against it in the Superior Court be removed to the United States Court for the District of Massachusetts.

Respectfully submitted,
MAYNARD COUNTRY CLUB, INC.

By its attorneys,

David S. Rosenthal, Esq. (BBO# 429260)
Carrie J. Campion, Esq. (BBO# 656451)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Date: December 3, 2004

CERTIFICATE OF SERVICE
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 12/3/04

2

BOS1440990.1

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
(TORT) — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

MIDDLESEX ........ ss
[seal]

No. 04-4263

Ronald A. Favier .............., Plaintiff(s)

v.

Maynard Country Club, Inc. ............, Defendant(s)

## SUMMONS

To the above-named Defendant: Maynard Country Club, Inc.

You are hereby summoned and required to serve upon Blaine J. DeFreitas & Associates plaintiff's attorney, whose address is 1 Pleasant Street, Maynard, MA 01754  978-897-0339, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at 40 Thorndike Street, Cambridge, MA 02141 either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge the twenty sixth day of October in the year of our Lord 2004.

*[signature]* Edward J. Sullivan
Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION No. 04-4263

RONALD A. FAVIER,

    PLAINTIFF,

V.

MAYNARD COUNTRY CLUB, INC.,

    DEFENDANT.

COMPLAINT
AND
JURY DEMAND

### I.  INTRODUCTION

1. The within Complaint is brought pursuant to the common laws of the Commonwealth of Massachusetts and pursuant to M.G.L. Chapter 151B, Section 9. The Plaintiff, Ronald A. Favier suffered from illegal age discrimination by the Defendant, Maynard Country Club, Inc., and its agents.

### II.  PARTIES

2. The Plaintiff, Ronald A. Favier is an individual residing at 120 Parker Street, Unit Number 14, Town of Acton, County of Middlesex, Commonwealth of Massachusetts, 01720.

3. The Defendant, Maynard Country Club, Inc., is a corporation with a place of business at 50 Brown Street, Town of Maynard, County of Middlesex, Commonwealth of Massachusetts, 01754.

### III.  FACTS COMMON TO ALL COUNTS

4. On or about March 5, 2003, Plaintiff Ronald Favier, as Complainant, filed a Complaint in writing with the Massachusetts Commission Against Discrimination ("Commission").

5. The Complainant, being docketed as Complaint No. 03-BEM-00632 before the Commission, alleged the unlawful discriminatory practice of Maynard Country Club, Inc., committed against this Plaintiff. A copy of this Complaint is attached hereto as Exhibit 1.

1

### IV. AGE DISCRIMINATION UNDER M.G.L. CHAPTER 151B

6. The unlawful discriminatory practice of terminating the Plaintiff based on his age was committed on or about December 16, 2002 and the MCAD Complaint was therefore filed within six months after it was committed.

7. After investigation of this charge, the Commission determined that the discriminatory practice had not been committed and it thereupon ordered the dismissal of said Complaint.

8. The Plaintiff received noticed from the Commission of this determination on September 20, 2004.

9. The order of the Commission was not supported by substantial evidence, was arbitrary and capricious, without support in fact, and contrary to law.

10. The unlawful discriminatory practice charged in the Complaint No. 03-BEM-00632 took place in Maynard, Massachusetts.

11. The Plaintiff has been aggrieved by the arbitrary and illegal order of the Commission dismissing the Complaint.

12. The Defendant either knew, or should have known, that its acts violated Massachusetts anti-discrimination laws.

13. The Defendant improperly proffered false and pre-textual reasons for its wrongful termination of the Plaintiff.

14. Former Board of Governors member and former Treasurer of the Defendant, Ms. Joan Apkin referred to the Plaintiff as that "old bastard…".

15. The Defendant, by its officers, agents, and/or employers, did intentionally, willfully, wantonly, and culpably make a distinction, discrimination, and termination of the Plaintiff based on his age, in violation of the civil rights of the Plaintiff and the laws of the Commonwealth of Massachusetts.

16. The Plaintiff as a result thereof, was greatly injured in his feelings and suffered great distress of mind, and is and has been greatly injured in his good name and calling.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

2

B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D. For complete monetary relief;

E. For front pay, back pay, past, present, and future lost wages;

F. For enhanced and/or punitive damages;

G. Compensation for emotional harm and distress;

H. Actual damages;

I. Nominal damages;

J. Reasonable attorney's fees;

K. Costs;

L. Loss of Employment Benefits;

M. Interest; and

N. Such other relief as is just.

V. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D. For complete monetary relief;

3

- E. For front pay, back pay, past, present, and future lost wages;
- F. For enhanced and/or punitive damages;
- G. Compensation for emotional harm and distress;
- H. Actual damages;
- I. Nominal damages;
- J. Reasonable attorney's fees;
- K. Costs;
- L. Loss of Employment Benefits;
- M. Interest; and
- N. Such other relief as is just.

## VI. NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

- A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;
- B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;
- C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;
- D. For complete monetary relief;
- E. For front pay, back pay, past, present, and future lost wages;
- F. For enhanced and/or punitive damages;
- G. Compensation for emotional harm and distress;
- H. Actual damages;

4

I. Nominal damages;

J. Reasonable attorney's fees;

K. Costs;

L. Loss of Employment Benefits;

M. Interest; and

N. Such other relief as is just.

### VII. BREACH OF CONTRACT

19. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D. For complete monetary relief;

E. For front pay, back pay, past, present, and future lost wages;

F. For enhanced and/or punitive damages;

G. Compensation for emotional harm and distress;

H. Actual damages;

I. Nominal damages;

J. Reasonable attorney's fees;

K. Costs;

L. Loss of Employment Benefits;

5

M.  Interest; and

N.  Such other relief as is just.

### VIII. CIVIL RIGHTS VIOLATION OF 29 U.S.C.A. SECTION 621

20. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A.  Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

B.  A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C.  That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D.  For complete monetary relief;

E.  For front pay, back pay, past, present, and future lost wages;

F.  For enhanced and/or punitive damages;

G.  Compensation for emotional harm and distress;

H.  Actual damages;

I.  Nominal damages;

J.  Reasonable attorney's fees;

K.  Costs;

L.  Loss of Employment Benefits;

M.  Interest; and

N.  Such other relief as is just.

6

## THE PLAINTIFF RONALD FAVIER DEMANDS A JURY TRIAL ON ALL COUNTS

Respectfully submitted,
Ronald A. Favier, Complainant,
By his Attorneys,

BLAINE DeFREITAS & ASSOCIATES

Dated: October 26, 2004

_____
Edmund P. Hurley (BBO No. 556019)
One Pleasant Street
Maynard, MA 01754
(978) 897-0339

# EXHIBIT 1

# CHARGE OF DISCRIMINATION

is form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse fore completing this form.

ENTER CHARGE NUMBER
- [ ] FEPA
- [ ] EEOC

MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION and EEOC
(State or local Agency, if any)

**NAME** (Indicate Mr., Ms., or Mrs.): Mr. Ronald A. Favier
**HOME TELEPHONE NO.** (Include area code): 978-266-8929
**STREET ADDRESS**: 120 Parker Street #14
**CITY, STATE AND ZIP CODE**: Acton, MA 01720
**COUNTY**: Middlesex

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

**NAME**: Maynard Country Club
**NO. OF EMPLOYEES/MEMBERS**: 8 FT/Peak; 375 members
**TELEPHONE NUMBER**: 978-897-9885
**STREET ADDRESS**: 50 Brown Street
**CITY, STATE AND ZIP CODE**: Maynard MA 01754

**CAUSE OF DISCRIMINATION BASED ON** (Check appropriate box(es)):
- [ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
- [X] AGE  [ ] RETALIATION  [ ] OTHER (Specify)

**DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE** (Month, day, year): 12/16/02

**THE PARTICULARS ARE** (If additional space is needed, attached extra sheet(s)):

Please see attached.

RECEIVED MAR 05 2003 COMMISSION AGAINST DISCRIMINATION

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

Ronald A. Favier
Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
10th Day of February, 2003 AD

## Affidavit of Employee Ronald A. Favier

NOW COMES the affiant, Ronald A. Favier, being duly sworn and swears as follows:

1. I am Ronald A. Favier, a single 55 year old man, having been born on March 11, 1947. I reside at 120 Parker Street, Unit Number 14, Acton, Massachusetts, 01720. My Social Security Number is 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.

2. From approximately January 21, 2000 to December 16, 2002 I was employed as the General Manager at the Maynard Country Club (hereinafter "Club") at 50 Brown Street, Maynard, Massachusetts, 01754. Said employer is a self-described "business of Recreational Golf Club, Semi-private, with golf accessories shop." My salary started at $44,000.00 per year and increased to $48,000.00 at the time of my termination.

3. My duties as General Manger included, but were not limited to the following: Supervise all daily functions of the Club, including supervision of the maintenance and operation of the 9-hole golf course; Maintain the Club's liquor license and comply with all applicable laws; Comply with, and operate under, the Club's annual budget; Hiring and firing personnel, except book-keeper and the greens superintendent; Answer member inquiries and respond to, and resolve, member complaints; Supervise the ordering and preparation of food and beverages for meals and snacks; Ensure the orderly operation and stocking of the "Pro Shop;" Obtain and maintain the appropriate insurance policy coverages; Hire and deal with third party contractors; Monitor Club rule compliance; Report to the Board of Governors; Ensure the safety of club monies, etc.

4. I complied with all of the requirements for my job as General Manager of the Club and was never disciplined, reprimanded, scolded, or provided a warning of any type or description, verbal, written or otherwise, during my approximate two year tenure.

5. In fact, I received constant praise from my fellow employees, Club members, the Board of Governors, and guests. I regularly worked over-time at no pay, being a salaried employee. I always provided a helping hand, without having to be asked, where appropriate. I have reviewed a copy of my employee's personnel file from the Club, which has no negative references to my performance or otherwise.

6. I was surprised at my firing on December 16, 2002, having been given no prior warning, despite my dedicated service. I was notified of my termination by Club President Michael Kaminski. I asked him why I was being let go. He responded that my work was very good, that my integrity was above question, but that it was "time for a change."

7. My replacement is Nathaniel "Nat" Binns, who is, upon information and belief, in his 30's or 40's. I was in the second year of a five year contract at the time of my dismissal.

8. The Club completed a statement for the Massachusetts Division of Employment and Training on or about January 17, 2003. Said statement included the allegation that I was discharged due to "Lack of Work." This allegation is not consistent with the verbal rationale

1

provided by President Kaminski. In addition the claim of "Lack of Work," is contrary to fact, since I was immediately replaced by a man who had been hired behind my back, without my knowledge, and before I was summarily dismissed. There was no net reduction in the work force or the volume of work at the Club at or immediately before my termination.

9. The many successes of my employment as General Manger at the Club in two years would take many pages to detail. To cite just two examples, I over-saw an increase in revenue from golf cart rental fees and from golf green fees, despite the economic downturn, stiff competition, variable weather, and being "new" to my job.

10. I did have substantial experience before being employed as General Manager of the Club, having been a loyal member, sitting on the Board of Governors, and being the House Committee Chairman. My experience from the member or "customer" point of view enabled me to appreciate the importance of the General Manager position from "both sides." I had also run my own business for 15 years as a discount automobile supply dealer.

11. In early 2002 my ability to effectively work was hampered by the Board of Governors ("BOG") of the Club, as I was required to leave BOG meetings before their completion, despite my need to know all of the Club's activities and plans in order to administer and manage same. I did not see the new Treasurer's monthly reports, which should have started in May of 2002, until July of 2002.

12. I am not a young man but I have never before been unemployed and am very disappointed at the way I have been treated. I have worked, at least part time, since I was ten (10) years old. I cannot determine any rational reason for my termination. The Club's conduct in firing me has caused me great emotional distress, monetary loss, and made my health care coverage very expensive. My entire life has been turned up-side down.

13. I believe and allege that I was terminated from the Club due to my age, and that any other offered reason is pre-textual. I had always acted in the best interests of the Club and its membership, as required by my job description. I was never given any warnings or reprimands. I was never given any formal reviews, but my pay was increased and I constantly received informal praise.

14. I believe that I was fired due to my age in violation of the laws of the United States of America, and of this Commonwealth, including but not limited to the Age Discrimination in Employment Act of 1967, sections 2 et seq., M.G.L.A. c. 93, sections 103 et seq., M.G.L.A. c. 151B, sections 4, et seq.; M.G.L.A. Chapter 149, sections 24A et seq., and 29 U.S.C.A. section 621, et seq.

SIGNED UNDER THE PENALTIES OF PERJURY ON THIS DATE:

Dated: February 10, 2003

Ronald A. Favier

2

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Ronald A. Favier

**DEFENDANT(S)**
Maynard Country Club, Inc.

**(b)** County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Middlesex__
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys (Firm Name, Address, and Telephone Number)
Edmund P. Hurley, Esq.
Blaine J. Defreitas & Associates
One Pleasant Street
Maynard, MA 01754
(978) 897-0339

Attorneys (If Known)
David S. Rosenthal, Esq.
Carrie J. Campion, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

04 12540 MLW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☒4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| | | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 190 Other Contract | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 195 Contract Product Liability | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: | | ☐ 871 IRS – Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☒ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alleges Defendant terminated his employment because of his age, and willfully caused Plaintiff emotional distress. Because Plaintiff claims a civil rights violation of 29 U.S.C.A. § 621, this action is removable pursuant to 28 U.S.C. § 1331.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions): N/A
JUDGE _____ DOCKET NUMBER _____

DATE 12/3/04
SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __Ronald A. Favier v. Maynard Country Club__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (see local rule 40.1(a)(1)).

   ___  I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_  II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

   ___  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___  IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

   ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (see local rule 40.1(g)). if more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐    NO ☒

   If so, is the u.s.a. or an officer, agent or employee of the U.S. a party?
   YES ☐    NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (see local rule 40.1(d)).
   YES ☒    NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒       Central Division ☐       Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐       Central Division ☐       Western Division ☐

8. If filing a Notice of Removal – are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions).
   YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___David S. Rosenthal, Esq.___
ADDRESS ___Nixon Peabody LLP, 100 Summer Street, Boston, MA 02100___
TELEPHONE NO. ___(617)345-1000___

(Cover sheet local.wpd - 09/12/02)

BOS1441494.1