UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RONALD A. FAVIER

            Plaintiff,

vs.

MAYNARD COUNTRY CLUB, INC.

            Defendant.

Docket No. 04-12540 MLW

## LOCAL RULE 81.1 FILING

Pursuant to Local Rule 81.1, Defendant, Maynard Country Club, Inc., files herewith attested copies of all records, proceedings and docket entries in the State Court.

Respectfully submitted,

MAYNARD COUNTRY CLUB

By its attorneys,

_____
David S. Rosenthal (BBO No. 429260)
Carrie J. Campion (BBO No. 656451)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110-2131
(617) 345-1000

Dated: December 16, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served to all attorneys of record by first class mail this 16th day of December, 2004.

_____
Carrie J. Campion



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss.

SUPERIOR COURT
CIVIL ACTION No.

04-4263



RONALD A. FAVIER,

    PLAINTIFF,

V.

MAYNARD COUNTRY CLUB, INC.,

    DEFENDANT.

COMPLAINT
AND
JURY DEMAND

```
1568A000010/27/04CIVIL         240.00
1568A000010/27/04SUR CHARGE     15.00
1568A000010/27/04SECC           20.00
1568A000010/27/04SUMMONS         5.00
        FOR DEPOSIT ONLY
    MIDLSX SPR/COURT#01600532
```

### I. INTRODUCTION

1. The within Complaint is brought pursuant to the common laws of the Commonwealth of Massachusetts and pursuant to M.G.L. Chapter 151B, Section 9. The Plaintiff, Ronald A. Favier suffered from illegal age discrimination by the Defendant, Maynard Country Club, Inc., and its agents.

### II. PARTIES

2. The Plaintiff, Ronald A. Favier is an individual residing at 120 Parker Street, Unit Number 14, Town of Acton, County of Middlesex, Commonwealth of Massachusetts, 01720.

3. The Defendant, Maynard Country Club, Inc., is a corporation with a place of business at 50 Brown Street, Town of Maynard, County of Middlesex, Commonwealth of Massachusetts, 01754.

### III. FACTS COMMON TO ALL COUNTS

4. On or about March 5, 2003, Plaintiff Ronald Favier, as Complainant, filed a Complaint in writing with the Massachusetts Commission Against Discrimination ("Commission").

5. The Complainant, being docketed as Complaint No. 03-BEM-00632 before the Commission, alleged the unlawful discriminatory practice of Maynard Country Club, Inc., committed against this Plaintiff. A copy of this Complaint is attached hereto as <u>Exhibit 1</u>.

1

### IV. AGE DISCRIMINATION UNDER M.G.L. CHAPTER 151B

6. The unlawful discriminatory practice of terminating the Plaintiff based on his age was committed on or about December 16, 2002 and the MCAD Complaint was therefore filed within six months after it was committed.

7. After investigation of this charge, the Commission determined that the discriminatory practice had not been committed and it thereupon ordered the dismissal of said Complaint.

8. The Plaintiff received noticed from the Commission of this determination on September 20, 2004.

9. The order of the Commission was not supported by substantial evidence, was arbitrary and capricious, without support in fact, and contrary to law.

10. The unlawful discriminatory practice charged in the Complaint No. 03-BEM-00632 took place in Maynard, Massachusetts.

11. The Plaintiff has been aggrieved by the arbitrary and illegal order of the Commission dismissing the Complaint.

12. The Defendant either knew, or should have known, that its acts violated Massachusetts anti-discrimination laws.

13. The Defendant improperly proffered false and pre-textual reasons for its wrongful termination of the Plaintiff.

14. Former Board of Governors member and former Treasurer of the Defendant, Ms. Joan Apkin referred to the Plaintiff as that "old bastard…".

15. The Defendant, by its officers, agents, and/or employers, did intentionally, willfully, wantonly, and culpably make a distinction, discrimination, and termination of the Plaintiff based on his age, in violation of the civil rights of the Plaintiff and the laws of the Commonwealth of Massachusetts.

16. The Plaintiff as a result thereof, was greatly injured in his feelings and suffered great distress of mind, and is and has been greatly injured in his good name and calling.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

2

B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D. For complete monetary relief;

E. For front pay, back pay, past, present, and future lost wages;

F. For enhanced and/or punitive damages;

G. Compensation for emotional harm and distress;

H. Actual damages;

I. Nominal damages;

J. Reasonable attorney's fees;

K. Costs;

L. Loss of Employment Benefits;

M. Interest; and

N. Such other relief as is just.

V. **INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

17. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D. For complete monetary relief;

3

- E. For front pay, back pay, past, present, and future lost wages;
- F. For enhanced and/or punitive damages;
- G. Compensation for emotional harm and distress;
- H. Actual damages;
- I. Nominal damages;
- J. Reasonable attorney's fees;
- K. Costs;
- L. Loss of Employment Benefits;
- M. Interest; and
- N. Such other relief as is just.

## VI.    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

18. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

- A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;
- B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;
- C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;
- D. For complete monetary relief;
- E. For front pay, back pay, past, present, and future lost wages;
- F. For enhanced and/or punitive damages;
- G. Compensation for emotional harm and distress;
- H. Actual damages;

I.  Nominal damages;

J.  Reasonable attorney's fees;

K.  Costs;

L.  Loss of Employment Benefits;

M.  Interest; and

N.  Such other relief as is just.

### VII. BREACH OF CONTRACT

19. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A.  Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

B.  A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C.  That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D.  For complete monetary relief;

E.  For front pay, back pay, past, present, and future lost wages;

F.  For enhanced and/or punitive damages;

G.  Compensation for emotional harm and distress;

H.  Actual damages;

I.  Nominal damages;

J.  Reasonable attorney's fees;

K.  Costs;

L.  Loss of Employment Benefits;

M. Interest; and

N. Such other relief as is just.

## VIII. CIVIL RIGHTS VIOLATION OF 29 U.S.C.A. SECTION 621

20. The Plaintiff, Ronald A. Favier, incorporates by reference each of the prior paragraphs of the within Complaint, as if set forth here in their entirety.

WHEREFORE, the Plaintiff, Ronald A. Favier demands the following:

A. Judgment that on review the order of the Massachusetts Commission Against Discrimination in its Complaint No. 03-BEM-00632 be held to be invalid;

B. A determination be made that the Defendant committed the unlawful discriminatory practice alleged in the Complaint by the Plaintiff;

C. That the Defendant be ordered to cease and desist from such unlawful discriminatory practice;

D. For complete monetary relief;

E. For front pay, back pay, past, present, and future lost wages;

F. For enhanced and/or punitive damages;

G. Compensation for emotional harm and distress;

H. Actual damages;

I. Nominal damages;

J. Reasonable attorney's fees;

K. Costs;

L. Loss of Employment Benefits;

M. Interest; and

N. Such other relief as is just.

## THE PLAINTIFF RONALD FAVIER DEMANDS A JURY TRIAL ON ALL COUNTS

                                    Respectfully submitted,
                                    Ronald A. Favier, Complainant,
                                    By his Attorneys,

                                    BLAINE DeFREITAS & ASSOCIATES

Dated: October 26, 2004

                                    _____
                                    Edmund P. Hurley (BBO No. 556019)
                                    One Pleasant Street
                                    Maynard, MA 01754
                                    (978) 897-0339

| CHARGE OF DISCRIMINATION | ENTER CHARGE NUMBER |
|---|---|
| is form is affected by the Privacy Act of 1974; see Privacy Act Statement on reverse fore completing this form. | ☐ FEPA  ☐ EEOC |

### MASSACHUSETTS COMMISSION AGAINST DISCRIMINATION and EEOC
(State or local Agency, if any)

| NAME (Indicate Mr., Ms., or Mrs.) | HOME TELEPHONE NO. (Include Area Code) |
|---|---|
| Mr. Ronald A. Favier | 978-266-8929 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 120 Parker Street #14 | Acton, MA 01720 | Middlesex |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NO. OF EMPLOYEES/MEMBERS | TELEPHONE NUMBER (Include Area Code) |
|---|---|---|
| Maynard Country Club | 8 FT/Peak; 375 members | 978-897-9885 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| 50 Brown Street | Maynard MA 01754 |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☒ AGE ☐ RETALIATION ☐ OTHER (Specify)

DATE MOST RECENT OR CONTINUING DISCRIMINATION TOOK PLACE. (Month, day, year)
12/16/02

THE PARTICULARS ARE (If additional space is needed, attached extra sheet(s)):

Please see attached.

RECEIVED MAR 0 5 2003 COMMISSION AGAINST DISCRIMINATION

I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

*Ronald A. Favier* (signature)
Ronald A. Favier
Charging Party (Signature)

NOTARY - (When necessary to meet State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year)
10th Day of February, 2003 AD

## Affidavit of Employee Ronald A. Favier

NOW COMES the affiant, Ronald A. Favier, being duly sworn and swears as follows:

1.    I am Ronald A. Favier, a single 55 year old man, having been born on March 11, 1947. I reside at 120 Parker Street, Unit Number 14, Acton, Massachusetts, 01720. My Social Security Number is 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.

2.    From approximately January 21, 2000 to December 16, 2002 I was employed as the General Manager at the Maynard Country Club (hereinafter "Club") at 50 Brown Street, Maynard, Massachusetts, 01754. Said employer is a self-described "business of Recreational Golf Club, Semi-private, with golf accessories shop." My salary started at $44,000.00 per year and increased to $48,000.00 at the time of my termination.

3.    My duties as General Manger included, but were not limited to the following: Supervise all daily functions of the Club, including supervision of the maintenance and operation of the 9-hole golf course; Maintain the Club's liquor license and comply with all applicable laws; Comply with, and operate under, the Club's annual budget; Hiring and firing personnel, except book-keeper and the greens superintendent; Answer member inquiries and respond to, and resolve, member complaints; Supervise the ordering and preparation of food and beverages for meals and snacks; Ensure the orderly operation and stocking of the "Pro Shop;" Obtain and maintain the appropriate insurance policy coverages; Hire and deal with third party contractors; Monitor Club rule compliance; Report to the Board of Governors; Ensure the safety of club monies, etc.

4.    I complied with all of the requirements for my job as General Manager of the Club and was never disciplined, reprimanded, scolded, or provided a warning of any type or description, verbal, written or otherwise, during my approximate two year tenure.

5.    In fact, I received constant praise from my fellow employees, Club members, the Board of Governors, and guests. I regularly worked over-time at no pay, being a salaried employee. I always provided a helping hand, without having to be asked, where appropriate. I have reviewed a copy of my employee's personnel file from the Club, which has no negative references to my performance or otherwise.

6.    I was surprised at my firing on December 16, 2002, having been given no prior warning, despite my dedicated service. I was notified of my termination by Club President Michael Kaminski. I asked him why I was being let go. He responded that my work was very good, that my integrity was above question, but that it was "time for a change."

7.    My replacement is Nathaniel "Nat" Binns, who is, upon information and belief, in his 30's or 40's. I was in the second year of a five year contract at the time of my dismissal.

8.    The Club completed a statement for the Massachusetts Division of Employment and Training on or about January 17, 2003. Said statement included the allegation that I was discharged due to "Lack of Work." This allegation is not consistent with the verbal rationale

provided by President Kaminski. In addition the claim of "Lack of Work," is contrary to fact, since I was immediately replaced by a man who had been hired behind my back, without my knowledge, and before I was summarily dismissed. There was no net reduction in the work force or the volume of work at the Club at or immediately before my termination.

9. The many successes of my employment as General Manger at the Club in two years would take many pages to detail. To cite just two examples, I over-saw an increase in revenue from golf cart rental fees and from golf green fees, despite the economic downturn, stiff competition, variable weather, and being "new" to my job.

10. I did have substantial experience before being employed as General Manager of the Club, having been a loyal member, sitting on the Board of Governors, and being the House Committee Chairman. My experience from the member or "customer" point of view enabled me to appreciate the importance of the General Manager position from "both sides." I had also run my own business for 15 years as a discount automobile supply dealer.

11. In early 2002 my ability to effectively work was hampered by the Board of Governors ("BOG") of the Club, as I was required to leave BOG meetings before their completion, despite my need to know all of the Club's activities and plans in order to administer and manage same. I did not see the new Treasurer's monthly reports, which should have started in May of 2002, until July of 2002.

12. I am not a young man but I have never before been unemployed and am very disappointed at the way I have been treated. I have worked, at least part time, since I was ten (10) years old. I cannot determine any rational reason for my termination. The Club's conduct in firing me has caused me great emotional distress, monetary loss, and made my health care coverage very expensive. My entire life has been turned up-side down.

13. I believe and allege that I was terminated from the Club due to my age, and that any other offered reason is pre-textual. I had always acted in the best interests of the Club and its membership, as required by my job description. I was never given any warnings or reprimands. I was never given any formal reviews, but my pay was increased and I constantly received informal praise.

14. I believe that I was fired due to my age in violation of the laws of the United States of America, and of this Commonwealth, including but not limited to the Age Discrimination in Employment Act of 1967, sections 2 et seq., M.G.L.A. c. 93, sections 103 et seq., M.G.L.A. c. 151B, sections 4, et seq.; M.G.L.A. Chapter 149, sections 24A et seq. , and 29 U.S.C.A. section 621, et seq.

SIGNED UNDER THE PENALTIES OF PERJURY ON THIS DATE:

Dated: February 10, 2003

_Ronald A. Favier_ (signature)
Ronald A. Favier

2

JS 44
(Rev 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**COPY**

### I. (a) PLAINTIFFS
Ronald A. Favier

### DEFENDANT(S)
Maynard Country Club, Inc.

(b) County of Residence of First Listed Plaintiff __Middlesex__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __Middlesex__
(IN U.S PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys (Firm Name, Address, and Telephone Number)
Edmund P. Hurley, Esq.
Blaine J. Defreitas & Associates
One Pleasant Street
Maynard, MA 01754
(978) 897-0339

Attorneys (If Known)
David S. Rosenthal, Esq.
Carrie J. Campion, Esq.
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

04 12540 MLW

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument |  |  | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
|  | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act |  |  | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark |  |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 690 Other |  | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
|  | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
|  | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury |  | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 190 Other Contract |  |  | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 195 Contract Product Liability |  |  | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS – Third Party 26 USC 7609 |  |
| ☐ 220 Foreclosure | ☒ 442 Employment | HABEAS CORPUS: |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General |  |  |  |
| ☐ 240 Torts to Land |  | ☐ 535 Death Penalty |  |  | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 540 Mandamus & Other |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Plaintiff alleges Defendant terminated his employment because of his age, and willfully caused Plaintiff emotional distress. Because Plaintiff claims a civil rights violation of 29 U.S.C.A. § 621, this action is removable pursuant to 28 U.S.C. § 1331.

### VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):
N/A
JUDGE _____
DOCKET NUMBER _____

DATE
12/3/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.    (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

III.    **Residence (citizenship) of Principal Parties.** This section of the JS-44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section V below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

V.    **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

VI.    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause.

VII.    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.    **Related Cases.** This section of the JS-44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) ___Ronald A. Favier v. Maynard Country Club___

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (see local rule 40.1(a)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.     for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (see local rule 40.1(g)). if more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

   _____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
                                           YES ☐        NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?  (See 28 USC §2403)
                                           YES ☐        NO ☒
   If so, is the u.s.a. or an officer, agent or employee of the U.S. a party?
                                           YES ☐        NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
                                           YES ☐        NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (see local rule 40.1(d)).
                                           YES ☒        NO ☐

   A.  If yes, in which division do all of the non-governmental parties reside?
       Eastern Division ☒         Central Division ☐         Western Division ☐

   B.  If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
       Eastern Division ☐         Central Division ☐         Western Division ☐

8. If filing a Notice of Removal – are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions).
                                           YES ☐        NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME ___David S. Rosenthal, Esq.___
ADDRESS ___Nixon Peabody LLP, 100 Summer Street, Boston, MA 02100___
TELEPHONE NO. ___(617)345-1000___

(Cover sheet local.wpd - 09/12/02)

BOS1441494.1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

COPY

| | |
|---|---|
| RONALD A. FAVIER. ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. _____ |
| MAYNARD COUNTRY CLUB, INC. ) | 04 12540 MLW |
| Defendant. ) | |

## DEFENDANT MAYNARD COUNTRY CLUB, INC.'S CORPORATE DISCLOSURE STATEMENT

Now comes the Defendant, Maynard Country Club, Inc., by and through its counsel, and hereby submits the following disclosure of corporate affiliations pursuant to Local Rule 7.3:

Maynard Country Club, Inc. hereby discloses that there is no parent company, subsidiary or affiliate that has issued shares to the public.

MAYNARD COUNTRY CLUB, INC.

By its attorneys,

_____
David S. Rosenthal, Esq. (BBO # 429260)
Carrie J. Campion, Esq. (BBO# 656451)
Nixon Peabody LLP
100 Summer Street
Boston, MA 02110
(617) 345-1000

Dated: December 3, 2004

**CERTIFICATE OF SERVICE**
I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail (by hand) on 12/3/04.

_____

BOS1441739.1

Commonwealth of Massachusetts
MIDDLESEX SUPERIOR COURT
Case Summary
Civil Docket

# MICV2004-04263
## Favier v Maynard Country Club, Inc.

| | | | | | | |
|---|---|---|---|---|---|---|
| File Date | 10/27/2004 | Status | Disposed: transfered to other court (dtrans) | | | |
| Status Date | 12/15/2004 | Session | L2 - Cv time-stan 2 (Lowell) | | | |
| Origin | 1 | Case Type | B22 - Employment Discrimination | | | |
| Lead Case | | Track | F | | | |

| | | | | | | |
|---|---|---|---|---|---|---|
| Service | 01/25/2005 | Answer | 03/26/2005 | Rule12/19/20 | 03/26/2005 | |
| Rule 15 | 03/26/2005 | Discovery | 08/23/2005 | Rule 56 | 09/22/2005 | |
| Final PTC | 10/22/2005 | Disposition | 12/21/2005 | Jury Trial | Yes | |

### PARTIES

**Plaintiff**
Ronald A. Favier
120 Parker Street
Unit Number 14
Acton, MA 01720
Active 10/27/2004

**Private Counsel 563321**
Blaine J DeFreitas
One Pleasant Street
Maynard, MA 01754
Phone: 978-897-0339
Fax: 978-897-6146
Active 10/27/2004 Notify

**Defendant**
Maynard Country Club, Inc.
Served: 11/10/2004
Served (answr pending) 11/10/2004

**Private Counsel 656451**
Carrie J Campion
Nixon Peabody
100 Summer Street
Boston, MA 02110
Phone: 617-345-1000
Fax: 617-345-1300
Active 12/03/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/27/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 10/27/2004 | | Origin 1, Type B22, Track F. |
| 11/10/2004 | 2.0 | SERVICE RETURNED: Maynard Country Club, Inc.(Defendant) 11/5/04 in hand |
| 12/15/2004 | 3.0 | Case REMOVED this date to US District Court of Massachusetts. |

### EVENTS



MIDDLESEX, ss.    Commonwealth of Massachusetts
SUPERIOR COURT ... OF THE TRIAL COURT

case01 199568 y y y y y

Page 1 of 1