UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RONALD A. FAVIER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>MAYNARD COUNTRY CLUB, )<br>)<br>Defendant. )<br>) | Docket No.: 04-12540MLW |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO STRIKE PORTIONS OF THE DEFENDANT'S AFFIDAVIT OF MICHAEL KAMINSKI

### INTRODUCTION

This memorandum sets forth an analysis of the December 6, 2004 "Affidavit of Michael Kaminski" in Support of the Defendant's Motion to Dismiss and for Summary Judgment, and asks this Court to strike significant or portions of same, primarily those where he refers to "the Board" without a proper foundation. The analysis is presented in order of certain paragraphs of the affidavit, and explains why certain allegations contained the defendant's said affidavit are fatally defective and thereby subject to the mandate of Fed. R. Civ. P.12(f) and 56(e), and Fed. R. Evid. 104(a), which require that such matters be stricken.

### SUMMARY OF ARGUMENT

The defendant's Motion to Dismiss and for Summary Judgment requests that this Court enter judgment in its favor without trial and before discovery is completed. The plaintiff has filed a separate Opposition and Objection to said Motion to Dismiss and for Summary Judgment. The affidavit of the defendant's agent, President Michael Kaminski, relies on conjecture, speculation, hypothetical, inadmissible opinion and hearsay. Fed. R. Civ. P. 56(e) requires that

an affidavit by made on personal knowledge; state facts that would be admissible in evidence; and show that the affiant is competent to testify to those facts. The proffered testimony set forth in defendant's affidavit is, therefore, irrelevant and immaterial to any issue currently before the Court. An affidavit must state facts which would be admissible at trial. McLaughlin v. Copeland, 435 F.Supp. 513 (D.Md.1977). The defendant's affidavit is widely defective in this regard, particularly in its unfounded and repeated references to the "Board." Therefore the defendant's affidavit does not meet the established requirements for obtaining relief. Inasmuch as the averments are immaterial, improper, inadmissible, hearsay, and lacking a proper foundation, striking portions of the affidavit is an appropriate disposition under Fed. R. Civ. P. 12(f), 56 and Fed. R. Evid. 104(a).

## ARGUMENT

Defendant's Affidavit Paragraph Five (5), Last Sentence: "The status reports were relied upon by the Board to make business decisions . . . . "

1.      The affiant may testify as to his own knowledge and observations. He may not testify as to "the Board" as a whole. The affiant has set forth no first hand knowledge or experience upon which he can rely to forward this statement. Commonwealth v. Boris, 317 Mass. 309, 58 N.E. 2d 8 (1944); Coca Cola Co. v. Overland, Inc., 695 F.2d at 1254-55. The defendant apparently seeks to have the Court abdicate its role as a fact-finder, and, instead accept its unfounded conclusions as to the conduct, and intent of the defendant's agents and Ronald Favier.

Defendant's Affidavit Paragraph Eight (8), last sentence: " . . . . the House Committee Chairperson never requested that Mr. Favier prepare any types of financial reports . . . . "

2.      Again, the affiant may state his own observations and knowledge. The unnamed prior Chairperson's alleged failure to request certain documents from Mr. Favier is inadmissible hearsay.

2

Defendant's Affidavit Paragraph Twelve (12), First Sentence

3.    President Kaminski presents no foundation to write that, "The Board collectively determined that Mr. Favier did not seem willing to work with the Board in achieving its goals . . . ."

Again the affiant may speak for himself, but not the Board as a whole. The second sentence of paragraph 12 states, "As a result, the board wanted ...." The affiant may not testify for said Board as a whole. This is particularly the case where the Board members are not identified and their alleged statements or desires are lumped in a collective format.

Plaintiff's Affidavit Paragraph Fourteen (14), Last Sentence

4.    President Kaminski states in part as follows: "Because we concluded that Mr. Favier ...."

This sentence must be stricken. The affiant is not competent to render this statement and it must be stricken pursuant to Fed. R. Civ. P. 12(f) as it is not relevant and is immaterial. Burke v. Mesta Mach. Co., 5 F.R.D. 134, 138 (W.D.Pa.1946). The affiant may speak for himself, not some unidentified other persons. This Court needs specific facts with specific persons attached thereto. The so-called Royal "we" is not appropriate in this context, particularly where discovery has not been completed.

Plaintiff's Affidavit Paragraph Eighteen (18), First Sentence

5.    "After Mr. Favier's termination, the Board eliminated ...."

In paragraph eighteen (18) the defendant again has attempted to circumvent the applicable pleading requirements. The affiant is apparently not relying on first hand knowledge or experience to state known facts. Commonwealth v. Boris, 317 Mass. 309 (1944); United States v. Cox, 633 F.2d at 815. Rather, the affiant presents a statement which is inadmissible

3

hearsay. Thus, the entire paragraph sets forth inadmissible hearsay and violates Fed. R. Civ. P. 12(f) and should be stricken.

Defendant's Affidavit Paragraph Nineteen (19), Part of First Sentence

6. "Nathaniel Binns (who I believe to be in his mid-40's)...."

The affiant apparently does not know Mr. Binns' age, and has failed to verify same. This failure is odd, inasmuch as the affiant is the President of the defendant country club, who presumably has access to the defendant's personnel records. The affiant's mere belief, and without a specific age, is irrelevant, inadmissible conjecture. The affiant's alleged failure to know the age of the plaintiff's replacement is just one example of the need for discovery to be completed.

Defendant's Affidavit Paragraph Twenty (20), Start of First Sentence

7. "In recognition of the Board's higher expectations...."

The language of paragraph twenty (20) should be stricken. The affiant's statement does not set forth facts as is required in a proper affidavit. McLaughlin v. Copeland, 435 F.Supp. 513 (D.MD.1977). Rather the affidavit engages in self serving, speculative, conjectural, conclusory accusations for which insufficient factual basis is forwarded. The entire sentence is inappropriate under the rules of pleading and should be stricken pursuant to Fed. Rule. Civ. P. 12(f). Burke v. Mesta Mach. Co., 5 F.R.D. 134, 138 (W.D.Pa.1946).

Defendant's Affidavit Paragraph Twenty One (21)

8. "Mr. Binns, unlike Mr. Favier, has embraced the Board's vision for greater professional and businesslike approach to managing the Club."

The affiant may speak as to his own "vision," but not speak for the entire "Board's vision." The sentence should be stricken. The affiant speculates without the benefit of correlative facts upon which to premise his unfounded allegation of a lack of "vision." Thus, the

language of this paragraph is irrelevant and immaterial and should be stricken from the affidavit. United States v. Cox, 633 F.2d at 875; Coca Cola Co. v. Overland Inc., 692 F.2d at 1254-55. Again, the affiant fails to state specific facts and instead relies upon self-serving, speculative, conjectural and conclusory statements. The affiant has set forth no factual basis for the statements. Commonwealth v. Boris, 317 Mass. 309, 58 N.E.2d 8 (1944). It appears the affiant seeks to interpose himself and his judgment for a matter which is a matter for judicial interpretation. Once again the affiant seeks to have the Court abdicate its role as a fact-finder and, instead, accept his unfounded conclusion as to the intent of the defendant's Board of Governors. This is not an appropriate or admissible form of affidavit and the offending language should be stricken as inadmissible, irrelevant, and immaterial. Burke v. Mesta Mach. Co., 5 F.R.D. 134, 138 (W.D.Pa.1946). Furthermore, the affidavit has failed to state facts upon which the Court may draw inferences and conclusions. The language of the affiant should, therefore, be stricken pursuant to Fed. R. Civ. P. 12(f). Slaven v. Salem, 386 Mass. 885, 438 N.E.2d 348 (1982).

## CONCLUSION

The supporting affidavit of Michael Kaminski, dated December 6, 2004, should be deemed defective and the offending portions stricken.

The affidavit is defective in form and substance and under Fed. R. Civ. P. 12(f), 56 and Fed. R. Evid. 104(a). The plaintiff thereby requests that this Honorable Court:

1. Deny the defendant's Motion to Dismiss and for Summary Judgment or alternately delay acting on same until discovery is complete;

2. Strike all language in the defendant's affidavit which offends Fed. R. Civ. P. 12(f), 56 and/or Fed. R. Evid. 104(a); and

3. Award the plaintiff such other relief as is just.

5

                                Respectfully Submitted,

                                The Plaintiff, Ronald A. Favier,

                                By his attorney,

Dated: December 20, 2004

                                Edmund P. Hurley (BBO No. 556019)
                                Blaine J. DeFreitas & Associates
                                1 Pleasant Street
                                Maynard, MA 01754
                                978-897-0339

I hereby certify that a true copy of the above document was served upon the attorney of record for the Defendant, Carrie J. Campion, Esquire, by hand on December 20, 2004.

Edmund P. Hurley