## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RONALD A. FAVIER,        ) | |
|     ) | |
|     ) | |
|     Plaintiff,     ) | |
|     ) | |
| v.     ) | Docket No.: 04-12540MLW |
|     ) | |
| MAYNARD COUNTRY CLUB,     ) | |
|     ) | |
|     Defendant.     ) | |

## AFFIDAVIT OF ATTORNEY EDMUND P. HURLEY

Edmund P. Hurley, being duly sworn, on oath swears under the penalties of perjury as follows:

1.    I am the attorney for the plaintiff, Ronald A. Favier, in the above captioned matter.

2.    Attached to this affidavit as Exhibit 1 is a true and accurate copy of notes and letters from various members of the Defendant Maynard Country Club praising Ronald A. Favier.

3.    Attached to this affidavit as Exhibit 2 is a true and accurate copy of the 11/21/03 affidavit of Patricia Triska.

4.    Attached to this affidavit as Exhibit 3 is a true and accurate copy of the 3/8/04 affidavit of Peter Boeing.

5.    Attached to this affidavit as Exhibit 4 is a true and accurate copy of the 3/26/04 affidavit of Ronald A. Favier.

6.    Attached to this affidavit as Exhibit 5 is a true and accurate copy of the 3/5/04 affidavit of Robert Nowd.

7.    Attached to this affidavit as Exhibit 6 is a true and accurate copy of the defendant's 1/17/02 submission to the Massachusetts Department of Employment and Training concerning the plaintiff Ronald Favier.

8.    Attached to this affidavit as Exhibit 7 is a true and accurate copy of hand written notes prepared by an unknown member of the defendant's Board of Governors.

Signed Under the Penalties of Perjury:

Dated: December 19, 2004

Edmund P. Hurley
DeFreitas and Associates
1 Pleasant Street
Maynard, MA  01754
978-897-0339
BBO Number: 556019

I hereby certify that a true copy of the above document was served upon the attorney of record for the Defendant, Carrie J. Campion, Esquire, by hand on December 20, 2004.

Edmund P. Hurley



September 21, 2002

Board of Governors
Maynard Country Club
Brown Street
Maynard, MA 01754

Dear Board of Governor Members,

We wanted to take this opportunity to thank Maynard Country Club for two recent events that took place at the golf course.

On Monday, August 19, 2002, the 6th Annual Boys & Girls Club Adult Tournament was held at Maynard Country Club. The players thoroughly enjoyed the golf game and the fabulous food prepared by Brian, and served by Ron and Pat. Ron was very instrumental in making the day a huge success and a great fundraiser for the Boys & Girls Club. Many people played the course for the first time and were impressed by the professionalism and the welcoming environment (thanks to Pat and Ron).

On Monday, August 26, 2002, the 3rd Annual Boys & Girls Club Kids Golf Tournament was held at Maynard Country Club. As in the past, the event went off flawlessly, again thanks in large part to Ron and Pat's assistance and enthusiasm for our future golf stars. Everything was well organized for us from beginning until end. Kids and parents alike thoroughly enjoyed the day and were very appreciative that the kids could participate in a golf tournament similar in quality to that of an adult tournament.

Additionally, we wanted to thank Rick Crosby for doing another great job of organizing the Annual Club Championship in August. It's very evident that there is a great amount of work that goes into the preparation for that day. It's very well done and everyone has a good time.

Sincerely,

*Mary & Jim Brannelly*

Mary and Jim Brannelly
12 Vose Hill Road
Maynard, MA 01754

P.S. I happened to be at the golf course a couple of Wednesdays ago to see the clubhouse filled with men at 11:30 AM taking advantage of a great luncheon buffet before starting the Men's Wednesday Shotgun at 12:00 Noon. I was very happy to see so many people bringing revenue into the golf course. Ron and Pat continuously try to find ways to bring business to the Maynard Country Club. They are definitely an asset to the Club!

*Mary B.*

October 8, 2002

President
Maynard Country Club
50 Brown Street
Maynard, MA 01754

Dear Sir,

Often times the outstanding efforts of individuals appear to go unrecognized and unnoticed. I would like to take this opportunity to recognize such individuals for their continued outstanding contributions to myself as a member of Maynard Country Club not only for this year, but in the previous years as well.

Being a member of Maynard Country Cub has allowed me the privilege and honor of being associated with Ron Favier and his staff who work tireless hours day after day, making the necessary sacrifices and putting forth the extra efforts which allows Maynard Country Club to flourish as one of the premier golf courses in the area. There is not a day that passes when there isn't a pleasant greeting and willingness to help in any way possible. Even though we've lost some important members over the years for a variety of reasons, its Ron and his staff which makes coming to play golf the enjoyable time that its meant to be. Members and guests which I've come to know over the many years which I've been an active member always feel welcome at Maynard and the atmosphere which Ron has cultivated over his years as General Manager and previously as a member, has a direct impact on that pleasant feeling and willingness to play golf.

I would also like to pay special tribute to Rick Crosby and the entire Tournament Committee for their outstanding efforts in the coordination and successful running of all the tournaments which are held each year. All are true professionals in ever sense of the word and have had a dramatic impact on the positive feedback and success of these tournaments. They have all gone the extra distance, sacrificing their personal time, to make each tournament a joy to participate in. They have also enhanced the spirit and image of the club by always displaying and demonstrating a highly positive attitude and sense of loyalty, which win or lose, makes each tournament fun to participate in.

Although this letter of commendation is from myself, I'm confident that many other members would echo these same comments. Thank you for your time and please convey my sincere appreciation to Ron, his excellent staff and the entire Tournament Committee of professionals for making the 2002 golf year at Maynard Country Club a very enjoyable and pleasant experience.

Sincerely,

Richard B. Maglione
36 Elm Street
Hudson, MA 01749

Cc: Ron Favier – General Manager ✓
    Rick Crosby
    Tournament Committee

R 0287

One of the nicest things about Christmas is the chance to wish you all the best of this wonderful season.

Ron,

We always appreciated all of your hard work and how pleasant you were at the club. We'll miss you being there. Wish the best for you.

Patty Roland

Linda Watson

Mike Kaminski,President
Maynard Country Club
Maynard Mass.

Dear Mike,
In reply to your letter of 12/16/02 in which you introduce Nat Binns as the
new Business Manager of the Maynard Country Club, I wish to express my
regret at the termination of Ron Favier in such a slipshod manner.

It has been my experience as a member for more than 20 years that Ron has
been the hardest working,most diligent, pleasant manager the club has
EVER had. He has made tremendous strides in pleasing a difficult to please
membership and instituting many new ways to make our visits to the club
much more enjoyable. It just seems very impersonal the way his termination
has been handled.

I look forward to working with Nat, but in my opinion he has big shoes to
fill and will need a lot of support.

Thanks for listening to my gripe.

Joe Poirier

Cc; Ron Favier

*Ron,*

*F Y I*

*hope all is well.*

*Joe*

129 Stonehedge Place
Boxborough, MA 01719


December 17th, 2002


President
Maynard Country Club
50 Brown Street
Maynard, MA 01754


Dear Mr. Kaminski:

I recognize that change is inevitable and happens for many reasons. As a new business manager (Nat Binns) comes to Maynard Country Club, I certainly wish him well.

As Ron Favier moves on, I want to send him my best wishes and also to thank him and MCC for Ron's outstanding service. No matter what the situation, from asking advice on golf equipment purchases to arranging special events, Ron was always most helpful, cooperative and cheerful.

His excellent service to MCC and the members will long remain in my mind. He was a credit to himself and the organization.


Yours truly,

Francis J. Powers
Member # 0378


Copy to: Ron Favier

12-19-02

Dear Ron,

Pat and I were very sorry to hear that you are leaving MCC.

We want you to know that it isn't that we don't feel you would have joined the club, but your enthusiasm and friendliness make us feel welcome, we have appreciated your helpful and willing ways, and we shall miss you.

We wish you the best for the future and will be happy to give you a reference should you want it.

Kind regards
Brenda + Pat

May your holidays
be filled with
Peace, Love and Joy

12-30-03

Dear De Freitas,

I have been a member of Maynard Country Club since 1969.

I feel that I must write to you on behalf of Ron Faviews.

I have never seen any manager who worked harder or put in longer hours as Ron. As you know, when you work with the public you cannot please everyone.

I am, by far, not the only member who feels that Ron was treated unfairly. The board has the right to fire anyone, but the way it was done was inexcusable.

I just want you to know that there are many members who feel the same.

Excuse my writing. I have arthritis & don't own a computer.

Sincerely,
Ann D. Maglione

EXHIBIT 1
J. A. Ford JO
1.12.04

**COMMONWEALTH OF MASSACHUSETTS**
**COMMISSION AGAINST DISCRIMINATION**

| | |
|---|---|
| Ronald A. Favier,  )<br><br>          Complainant,  )<br><br>v.                          )<br><br>Maynard Country Club,  )<br><br>          Respondent.  ) | MCAD Docket No. 03-BEM-00632 |

## AFFIDAVIT OF PATRICIA TRISKA

NOW COMES the affiant, Patricia Triska, being duly sworn, and hereby swears under the pains and penalties of perjury as follows:

1.    I am Patricia "Pat" Triska, with a residential address of 12 Longview Drive, Apartment B, Wytheville, Virginia, 24382.

2.    From the fall of 2000 until October 8, 2002, I was a bartender and assistant to Ronald Favier at the Maynard Country Club in Maynard, Massachusetts. During my two (2) years of employment with the Maynard Country Club, I worked closely with Ronald A. Favier, the general manager. Throughout my time at the Country Club, Ronald Favier was constantly praised by members for the high quality of his management of the club and its functions.

3.    I was forced to resign my employment with the Maynard Country Club due to physical illness in the fall of 2002.

4.    To supplement my income, I had regularly cleaned Attorney Joan Apkin's home in Acton, Massachusetts. I recall that in February or March of 2002, Attorney Apkin and I had a discussion about the Maynard Country Club. We sat in her living room. Attorney Apkin stated in substance that she and her friends believed that Ronald Favier should retire as General Manager from the Maynard Country Club and she referred to him, Ronald Favier, as "that old bastard."

5.    In or about April of 2002 I spoke to Ms. Jane Ford at the Maynard Country Club. I was bartending at the time and Ms. Ford and I discussed a rumor that Ronald Favier was having an affair with the Country Club's bookkeeper, "Sherri," who was in her 30's. Ms. Ford stated in substance, words to the effect that, at his (Ron's age), he could barely do his own job, never mind carry on with a younger woman.

6.     Further I say not.

Dated: November _21_ , 2003

_P. Triska_

Patricia Triska

Commonwealth of Virginia

County of _Wythe_

The above named Patricia Triska, being satisfactorily identified to me, signed above where indicated and duly swore under the pains and penalties of perjury on this date that her statements above are true to the best of her knowledge and belief, on this date:

_Denise C. Mooney_

Notary Public/Justic of the Peace
Name: Denise C. Mooney

My Commission Expires: May 31, 2006

Raised Seal:

Dated: November _21_ , 2003

3

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

|  |  |  |
|---|---|---|
| Ronald A. Favier, | ) | |
| | ) | |
| Complainant, | ) | |
| | ) | MCAD Docket No. 03-BEM-00632 |
| v. | ) | |
| | ) | |
| Maynard Country Club, | ) | |
| | ) | |
| Respondent. | ) | |

## AFFIDAVIT OF PETER BOEING

Now Comes Peter Boeing and swears under the penalties of perjury as follows:

1.   I was a Board Member of the Maynard Country Club from early 1998 to May of 2002.

2.   From early 2000 until my resignation as Vice President in May of 2002, I had the pleasure of working with the General Manager of the Maynard Country Club Ronald A. Favier.

3.   Ronald A. Favier was a solid, thorough, and enthusiastic worker, who got along well with most members, employees, and the Board of Governors. He clearly enjoyed his job, and put in long hours, and most at the Maynard Country Club enjoyed his presence.

4.   Any allegation that Ronald A. Favier lacked necessary computer skills to perform his job is false. There were always issues with our computer system, which had nothing to do with Mr. Favier's ability to operate same. For example, the Country Club's GMS computer system could not regularly or properly generate the required standard reports, including the monthly membership bills. Bob Sweeney wrote a January 9, 2001 Memorandum for the monthly Board of Governors' Meeting describing these various computer problems.

5.   I can confirm that during the late Winter and early Spring of 2002, Ronald A. Favier was forced to leave the monthly board meetings, despite his need for the relevant information discussions that affected his job. Any suggestion that Mr. Favier voluntarily chose to leave said meetings is false.

6.    I am not aware of any legitimate, legal, or work related reason for Ronald A.
      Favier to have been terminated.

                                        Signed Under the Penalties of Perjury:


Dated: March 8, 2004                    _____
                                        Peter Boeing

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

| | |
|---|---|
| Ronald A. Favier, | ) |
| | ) |
| Complainant, | ) |
| | ) |
| v. | ) |
| | ) |
| Maynard Country Club | ) |
| | ) |
| Respondent. | ) |

MCAD Docket No. 03-BEM-00632

## AFFIDAVIT OF RONALD A. FAVIER

NOW COMES Ronald A. Favier, being duly sworn, and swears under the penalties of perjury as follows:

1.  I was subject to a hostile work environment and illegally terminated on December 16, 2002, based on my age. Please see the Affidavit of Ms. Patricia Triska for confirmation of the improper animus and bias.

2.  Each of the Respondent's proffered reasons for my termination as General Manager of the Maynard Country Club is demonstrably false. While I knew that Ms. Ford disliked me, her age bias has become clear during discovery.

3.  During my tenure as General Manager from early 2000 to late 2002, I saw an increase in total membership, membership revenue, greens revenue, golf cart fees, and membership satisfaction. I received constant praise from many members for my efforts.

4.  My termination was a surprise. I received pay raises, had Christmas bonuses, and praise from members of the Board of Governors, including Maynard Country Club President Michael Kaminski.

5.  I have never heard any complaints about the Maynard Country Club's golf course maintenance, not before, during, or after my stewardship as General Manager. My younger replacement's "expertise" is in golf course maintenance, an area which has not been cited as needing improvement.

6.  During my tenure as General Manager, I was not informed that I allegedly lacked interpersonal skills, "cooperation" with others, lacked certain "skill sets" or lacked "urgency" in completing tasks. Consequently, I never had an opportunity to correct any alleged deficiencies with my performance. I was



never told that any of my revenue reports was inaccurate. I was also never told during my employment that the General Manager had to have a college degree, despite that allegation in early 2003 when the Board attempted to justify my termination to concerned members of the Country Club.

7.   Although I am not a computer "expert," I was able to competently and fully use the Country Club's computers, which I regularly backed up, and did not receive any criticism of my "IT" or computer skills as General Manager. In addition, I was not informed of any deficiencies with my "inventory control."

8.   Furthermore, I was not told during my employment that my use of the Country Club's two safes was in any manner improper.

9.   In the spring of 2002 I began to be "excused" from the Board of Governor's monthly meetings, by President Kaminski, despite my clear need to be aware of all facets of the Country Club, in order to be an effective General Manager. My departure was mandatory, not optional.

10.  I also stopped receiving the Treasurer's monthly financial reports timely, which I needed to monitor and plan expenses. There was no rational or legitimate reason for this behavior.

11.  Patricia Triska's health insurance was approved by the Board of Governors, and the expense was included in the relevant annual reports. I cannot understand the selective memory of certain members of the Country Club.

12.  I am very disappointed by certain members of the Maynard Country Club's Board of Governor's deception and bias in this matter. The reason for my termination was my age. Any other reason is demonstrably false.

13.  It estimate that the average age of the Board which hired me was about 57 years, and that the average age of the Board which fired me was about 51 years.

14.  In the Spring of 2001, Jane Ford and Joan Apkin repeatedly and angrily questioned me about my alleged (and non-existent) "affair" with our then bookkeeper, Ms. Sherrie Hoffman. Then President Richard Dow terminated the meeting, telling Ms. Ford and Ms. Apkin in substance that their verbal harassment of me was not appropriate.

Signed Under the Penalties of Perjury:

Dated: March 26, 2004

Ronald A. Favier

5

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

```
                                      )
Ronald A. Favier,                     )
                                      )
            Complainant,              )
                                      )        MCAD Docket No. 03-BEM-00632
v.                                    )
                                      )
Maynard Country Club,                 )
                                      )
            Respondent.               )
                                      )
```

## **AFFIDAVIT OF ROBERT NOWD**

Now Comes Robert Nowd, and swears under the penalties of perjury as follows:

1.    I am Robert Nowd, with a residence at 7 Elaine Avenue, Maynard,
      Massachusetts 01754.

2.    I was a member of the Maynard Country Club for 25 years. For the last 18 of
      said 25 years, I was on the Board of Governors of the Maynard Country Club.
      I was the Treasurer of the Maynard Country Club from early 1996 to early
      2002.

3.    As Treasurer, I worked closely with Ronald ("Ron") A. Favier from early
      2000, when he became General Manager of the Maynard Country Club, until
      my last term as Treasurer which expired in early 2002. After Ron took over
      as General Manager, all of the Club's revenues increased, including meals
      sales, membership fees, and over all sales fees. I was disappointed to learn of
      Ron's termination, particularly where he was not given the required 30 days
      notice.

4.    Ronald A. Favier was an excellent General Manager, his performance
      exceeded expectations, and his truthfulness and integrity were unblemished.
      He had excellent financial and management skills. In fact, at the Club's
      annual meeting in early 2003, President Kaminski praised Ronald Favier and
      his work performance. To my knowledge, Mr. Favier never received any
      notice of alleged deficiencies with his performance.

5.    I can confirm that Ron properly safeguarded inventory, worked well with
      members, employees, and the Board of Governors. He was prompt with all of
      his duties, understood the required bookkeeping matters, and constantly

maintained an enthusiastic and helpful demeanor. During my tenure on the Board of Governors of the Maynard Country Club, I never heard that the General Manager should have, or must have, a college degree.

6.    As an officer of Maynard Country Club, and a member of same, I know of no reasons to justify the termination of Ronald A. Favier. Although Mr. Favier expressed dissatisfaction as to being treated unfairly and having unreasonable requests made of him, he seemed to always enjoy his job as General Manager. To my knowledge, Mr. Favier always satisfied all requests of the Board of Governors.

7.    I was even more surprised to learn that questions had arisen concerning Ms. Patricia Triska's receipt of health insurance. The then President, Richard Dow and I, as the Treasurer, approved of Ms. Triska's health insurance, conditioned on her working year-round, with which condition she complied. Before this year, I never heard of any questions concerning said health insurance issue by the Board of Governors, or anyone else.

Signed Under the Penalties of Perjury:

Dated: March 5, 2004

Robert Nowd

6

**EXHIBIT**

INDIA... CTT... P.O. BOX ...
Tel: 413-452-4698   Fax 413-781-1115

RECEIVED ... ... ...

## REQUEST FOR UNEMPLOYMENT INSURANCE SE...
### The answers you give could affect your benefit charges. Instructions are on the reverse side.

The individual named below has filed a claim for unemployment insurance (UI) benefits, naming you as an employer during the past 15 months. In order for you to participate in any future issues regarding this claim, this form must be completed and returned postmarked no later than

01

| Employer Name and Address: | | FOR D.E.T. US |
|---|---|---|
| MAYNARD COUNTRY CLUB INC        33<br>OFF BROWN STREET<br>POST OFFICE BOX 237<br>MAYNARD        MA    01754 | | Return Postmark:<br><br>Late:        Yes ☐<br>Received with SSN: |
| Employer Name and Address Correction: _____ | | |

## Claimant Information

Name. RONALD A FAVIER

Soc. Sec. No.: 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*        (Note any discrepancies.)

Date Claim Filed: 01-06-03

Effective Date of Claim: 01-05-03        Claim Sequence: 001

## Employer Information

Date Form Mailed: 01-07-03        Interested Party Employer: YES

For contributory employers only: If UI contributions were payable on any of

the wages, to any state, indicate the state ☒ MA ☐ other_____
(Name of state)

If not, please explain: N/A

If either of the following numbers is missing or incorrect, please enter correct number

Your D.E.T. Employer ID is: 39-452210

Corrections: _ _ _ _ _ _ _ _ _ _

Your Federal Taxpayer ID is: 04-1595340

Corrections: _ _ _ _ _ _ _ _ _ _

Name and telephone number of contact person for separation information:

Name (Please print) _____

Telephone ( _ _ _ ) _ _ _ - _ _ _ _   Ext. _ _ _ _

## Wage Information

## Employment Information   1055

First day work performed: _01-01-00_ Last day work performed _/_

Why is the claimant no longer working for your organization? Check one reason only.

☐ (E) Claimant still employed
☒ (L) Lack of Work
Do you expect to recall this employee?  Yes ☐  No ☒

If yes, and the date is scheduled, please enter here ___/___/_

☐ (N) Failed to meet performance standards. No misconduct.
☐ (D) Discharged for misconduct
☐ (Q) Quit
☐ (A) Leave of Absence
☐ (M) Suspension
☐ (S) Strike/Lockout
☐ (C) Court Conviction
☐ (R) Reasonable Assurance (e.g., Teacher or other school employee working because of vacation/summer break. Expected to be reemployed by you in next academic session/year.)

Check any that apply.

Did the claimant receive the following type of pay?

☒ Separation/Termination Pay        ☒ Vacation Pay
                                    ☐ Pay in lieu of dismissal no...

☐ During the past 15 months the claimant was hired for an on-call, needed schedule.
☐ The claimant applied for a pension based on the dates of employ... entered above.
☐ The claimant is receiving a pension based on the dates of emplo... entered above.

| Wage Period | | | | |
|---|---|---|---|---|
| ...S. | | | | |
| 01-01-02 | ... | ... | | |
| 03-31-02 | 06-30-02 | 09-... | | |
| Wages on File | $12,000.04 | $12,000.04 | $12,000.04 | $15246.70 (MK) |
| Enter corrected or missing gross wages paid here | | | | |

**Employer certification:** These statements are true to the best of my knowledge and belief and are made under penalties of perjury.

Signature: _Michael Kaminski_        Title: PRESIDENT

Print Name: MICHAEL KAMINSKI        Telephone: (978) 897-5885        Date: 01/07

Form 1062 Rev ...

Commonwealth of Ma...

01/17/03

7



1.    If we are losing money in the house and we want to shrink the deficit, why would we go out and pay more $ to someone else.

A:  Nat brings to MCC a professional background as well over 18 years of experience in the golf industry.  The Board's decision to expand the duties and job description of the Club Manager required the increase to which you refer.  The Board's decision was based on the best interest of our membership to make this investment for our future.

2.    Why did you terminate Ron.

*Not a financial Q*

A:  The Board's decision was based on its need to expand the duties and job description for the position of Club Manager.

3.    Why did you fire Ron.

A:  Ron was not fired.  Ron's contract provided a thirty-day notice provision to terminate the contract without cause.  The BOG voted to exercise its right under that contract.

or

A:    Ron was not fired.  The BOG voted to terminate Ron's employment pursuant to the thirty day notice provision provided for in Paragraph 6 of Ron's employment agreement.

*Why didn't you do something about it is too 1st but NOC now has taken the time to analyze the # + who now understands the #. There is no blame to be laid here*

R 0279