UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

RONALD A. FAVIER,

                    Plaintiff,

          vs.                                      Docket No. 04-12540MLW

MAYNARD COUNTRY CLUB,

                    Defendant.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO PERMIT
ADDITIONAL DISCOVERY BEFORE ACTION ON DEFENDANT'S MOTION TO
DISMISS AND FOR SUMMARY JUDGMENT

The defendant Maynard Country Club (the "Club"), submits this Opposition to

Ronald A. Favier's (the "Plaintiff" or " Mr. Favier") Motion to Permit Additional Discovery

Before Action on Defendant's Motion to Dismiss and for Summary Judgment.  The

plaintiff's motion is yet another of Mr. Favier's devices to avoid summary judgment on his

baseless Complaint.

## Background

Mr. Favier seeks leave to conduct additional discovery in an attempt to marshal any

materially disputed fact and avoid summary judgment as a matter of law, yet provides no

specifics regarding what he intends to discover.  In support of the motion for additional

discovery, the plaintiff's counsel submitted an affidavit stating:

> additional discovery, primarily in the form of depositions, will enable the
> plaintiff Ronald Favier to 'flesh out' the allegations of Ms. Patricia Triska as
> to age bias, and further to explain fully what happened at the meeting
> whereat the defendant's Board of Governor's voted to terminate the plaintiff
> Ronald Favier.

- 2 -

The plaintiff's affidavit does not identify any particular facts he believes he will learn, nor does he identify any particular person or documents that would help him rebut the Club's position entitling it to summary judgment.  Mr. Favier has failed to demonstrate that additional discovery will enable him to rebut the Club's assertions and avoid summary judgment.

<u>Standard</u>

A movant requesting additional discovery pursuant to Fed. R. Civ. P. 56(f) must demonstrate that the additional discovery will enable the moving party to rebut the assertions in the motion for summary judgment.  A movant may not rely upon vague assertions that additional discovery will produce needed but unspecified facts.  Rather, he must show with some precision the material sought and exactly how those materials will help in opposing the summary judgment.  Moore' s Fed. Practice 56.10(8)(d).  As the First Circuit has recognized, Rule 56(f) offers a 'procedural escape hatch for a party who genuinely requires additional time to marshal facts essential to justify [its] opposition when confronted by a summary judgment motion.'" <u>Mattoon v. City of Pittsfield, 980 F.2d 1, 7 (1st Cir. 1992)</u>(quoting <u>Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988)</u>(citations and internal quotations omitted)).  In order to satisfy the requirements of 56(f) the moving party must provide a supporting affidavit that offers more than mere conjecture or speculation that some facts might be found with further discovery. <u>Mattoon v. City of Pittsfield</u>, 980 F.2d at 1.8 (1st Cir. 1992). Instead it must be shown what specific discoverable facts are expected to be found that "will, if obtained, suffice to engender an issue both genuine and material." <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elect. Co.</u>, 840 F.2d 985, 988 (1st Cir. 1988).

<b>Mr. Favier Failed to Demonstrate That Additional Discovery Will Enable Him<br><u>To Rebut the Assertions in the Defendant's Motion for Summary Judgment.</u></b>

- 3 -

Mr. Favier's request for additional discovery should be denied.  Mr. Favier does not identify any people he needs to depose, any documents he believes exist that he does not already have, or any additional information identified with specificity that would allow him to create a genuine issue of material fact and thus survive summary judgment.  Rather, Mr. Favier submits a vague affidavit in support of his motion stating that he needs additional time to "flesh out" the allegations of Ms. Patricia Triska as to age bias and to explain what happened at the Board of Governors meeting terminating Mr. Favier's employment contract.  Affidavit of Edward Hurley, Esquire in Support of Rule 56(f) Motion, ¶2.  Such statements are clearly "mere conjecture or speculation" and do not satisfy the standard of specificity for additional discovery in a 56(f) motion.  Mattoon, 980 F.2d at 7.

Mr. Favier filed his complaint in November, 2004 after conducting extensive discovery on these same claims at the Massachusetts Commission Against Discrimination.[1]  At the MCAD level, Mr. Favier deposed the Board President, Mr. Kaminski, and his former supervisor, Jane Ford.  Mr. Favier also propounded interrogatories and served a request for production of documents.  The defendant answered the interrogatories and produced almost 300 documents.  The Club deposed Mr. Favier and his witness, Patricia Triska.  The Club also propounded interrogatories and requests for production.  In response, Mr. Favier answers the interrogatories and produced almost 800 documents.  After this level of discovery, Mr. Favier should be able to point to additional discovery he needs to oppose summary judgment.  His failure to specify the discovery he seeks indicates that Mr. Favier has no identified any specific discovery he requires to oppose summary judgment.  Rather,

---

[1] The counts included in Mr. Favier's court Complaint that were not included in the MCAD Charge of Discrimination, and therefore he has not conducted direct discovery of those claims, will be dismissed on summary judgment because he did not oppose the dismissal of those counts  (i.e., intentional and negligent emotional distress and breach of contract), nor has he requested discovery regarding those counts.

- 4 -

this motion is a delay tactic.  Mr. Favier's motion for additional discovery should be denied

because he has not offered more than conjecture or speculation that there may be some

facts out there to "flesh out" his age discrimination claim.

### Conclusion

Mr. Favier's motion for additional discovery should be denied.  Mr. Favier has had

ample opportunity to discover facts relevant to his claim and even with that extensive

discovery he failed to identify any person or document he believes exist that can rebut the

defendant's assertions in the motion for summary judgment.  As a result, any additional

discovery is not warranted and the motion should be denied.

RESPECTFULLY SUBMITTED,


/s/ Carrie J. Campion_____
David S. Rosenthal (BBO# 429260)
Carrie J. Campion (BBO# 656451)
Nixon Peabody LLP
100 Summer Street
Boston, MA  02110-2131
617-345-1000


Dated: January 25, 2004

### Certificate of Service

I hereby certify that a copy of the above request was mailed to Plaintiff's counsel at his last
known address on January 25, 2005.


/s/ Carrie J. Campion_____
Carrie J. Campion

BOS1449804.2